# In The United States Court of Federal Claims

No. 09-370 C

(Filed: July 27, 2010)

| | |
|---|---|
| NATHANIEL WAYNE GAY,<br><br>          Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>          Defendant. | *  Military pay case; Motion to dismiss for lack<br>*  of jurisdiction – RCFC 12(b)(1); "Well-<br>*  pled" complaint – no necessity that<br>*  complaint specify money-mandating statutes<br>*  upon which Tucker Act jurisdiction is based;<br>*  RCFC 8(a)(1) – notice pleading statute;<br>*  Disability claim; 10 U.S.C. § 1201; Lack of<br>*  jurisdiction over disability claim –<br>*  *Chambers*; Disability claim dismissed,<br>*  without prejudice. |

**ORDER**

*Michael J. Eisenberg,* Washington, D.C., for plaintiff.

*Steven J. Abelson*, Civil Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Tony West*, for defendant.

**ALLEGRA, Judge:**

    This military pay case is before the court on defendant's motion to dismiss for lack of jurisdiction under RCFC 12(b)(1). For the following reasons, the court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, defendant's motion.

I.

    A brief recitation of the facts provides necessary context.[1]

---

[1] These facts are drawn primarily from plaintiff's complaint and, for purposes of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Defendant has introduced certain facts not contained in plaintiff's complaint relying on an appendix attached to its motion. Some of the documents in this appendix relate to determinative jurisdictional facts and are properly before the court, *see Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); other documents, however, do not appear to relate to jurisdictional facts and will be disregarded by the court at this time, *see Ord v. District of Columbia*, 587 F.3d 1136, 1140 (D.C. Cir. 2009) (discussing the "impropriety of transforming Rule 12(b)(1) motions

Nathaniel Gay (plaintiff) served in the U.S. Marine Corps from July 1, 2002, to June 10, 2003, and in the U.S. Army from August 31, 2004, to November 19, 2007. He received "a General (Under Honorable Conditions)" discharge from the Army,[2] at the rank of private first class and a pay grade of E-1. On or about July 7, 2008, the Department of Veteran's Affairs (the VA) awarded plaintiff a service-connected disability for post traumatic stress disorder (PTSD), with a Veterans Administration Schedule for Rating Disabilities (VASRD) rating of 30 percent disabled, effective November 20, 2007.

On August 28, 2008, plaintiff submitted an "Application for the Review of Discharge or Dismissal" to the Army Discharge Review Board (ADRB), seeking to modify his discharge status from general to honorable. Plaintiff attributed the misconduct for which he had been discharged to his PTSD, averring in his application, "I wasn't a bad soldier simply just stressed out." On January 21, 2009, the ADRB held a records review hearing and, thereafter, determined that there were "no mitigating factors that would merit an upgrade of the applicant's discharge," including the "post service diagnosis of PTSD" from the VA. On January 22, 2009, the ADRB notified plaintiff that his discharge status request was denied and advised him that he could reapply to the ADRB for a hearing in person or apply to the Army Board of Correction of Military Records (ABCMR) for a correction of record. There is no evidence that plaintiff took either action.

On June 8, 2009, plaintiff instead filed a complaint in this court, claiming that the Army's November 19, 2007, decision to discharge him was both clearly erroneous and arbitrary and capricious because it was unsupported by plaintiff's record and contrary to the VA's award of disability benefits. Plaintiff seeks a judgment that: (i) sets aside his discharge from the Army as unlawful or improper, (ii) grants plaintiff back pay and benefits stemming from his improper release date of November 19, 2007, and (iii) orders the military to hold a military medical examination board in accordance with the VASRD rating. In the alternative, he seeks a finding that he was medically retired at a rating that correlates with the VA's disability finding.

---

into summary judgment motions"); *cf.* RCFC 12(d) (permitting only motions under RCFC 12(b)(6) to be converted into summary judgment motions under RCFC 56).

[2] Defense Department and Army regulations provide that the character of service as reflected on discharge certificates shall be either "Honorable, General (Under Honorable Conditions), or Under Other Than Honorable Conditions." *See* Army Reg. 635-200, ¶ 3-4(a)(1); 32 C.F.R. § 45.3(d)(9) (2009). Army regulations provide that "[c]haracterization at separation will be based upon the quality of the [member's] service, including the reason for separation." Army Reg. 635-200, ¶ 3-5(a). They further provide that: "A general discharge is a separation from the Army under honorable conditions. When authorized, it is issued to a Soldier whose military record is satisfactory but not sufficiently meritorious to warrant an honorable discharge." Army Reg. 635-200, ¶ 3-7(b)(1); *see also Thomas v. United Sates*, 47 Fed. Cl. 560, 579 n.5 (2000).

On September 10, 2009, defendant filed a motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. Plaintiff filed a response to defendant's motion to dismiss on November 12, 2009, and defendant filed its reply on November 30, 2009. On January 11, 2010, the court issued an order setting oral argument on defendant's motion to dismiss for February 18, 2010. After carefully reviewing the briefs, the court cancelled that argument, deeming it unnecessary.

II.

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Bell Atl. Corp.*, 550 U.S. at 568. In particular, plaintiff must establish that the court has subject matter jurisdiction over his claims. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Hansen v. United States*, 65 Fed. Cl. 76, 94 (2005).

Plaintiff's complaint expressly alleges jurisdiction in this court pursuant to the Tucker Act, 28 U.S.C. § 1491, and seeks back pay for a wrongful discharge or, alternatively, changes in his discharge status. The Tucker Act affords this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "[B]ecause the Tucker Act itself does not create a substantive cause of action," the Federal Circuit has explained, "'in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). "In the parlance of Tucker Act cases, that [statutory] source must be 'money-mandating,'" *Fisher*, 402 F.3d at 1172, that is, one that "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v Testan*, 424 U.S. 392, 400 (1976)). Alternatively, a statute can be interpreted as money- mandating if it grants the claimant a right to recover damages either "expressly or by implication." *Id.* at 217 n.16 (citation omitted); *see also Blueport Co., LLC v. United States*, 533 F.3d 1374, 1383 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 1038 (2009).

In a well-rehearsed (but oft-rejected) argument, defendant first contends that plaintiff's complaint is not "well-pled" because, though it invokes the Tucker Act, it does not specify which money-mandating statutes authorize the relief requested. To be sure, the Federal Circuit has made clear that "[w]hen a complaint is filed alleging a Tucker Act claim based on a Constitutional provision, statute, or regulation, . . . the trial court at the outset shall determine, either in response to a motion by the Government or sua sponte . . . , whether the Constitutional provision, statute, or regulation is one that is money-mandating." *Fisher*, 402 F.3d at 1173. While the nature of this task necessarily requires the court to consider particular statutes, nothing

says that they must be cited, via popular name or title and section, in the complaint. Undeniably, that specificity is helpful. *See, e.g.*, Fed. R. Civ. P. Appendix of Forms, Form 7. But, consistent with the notice pleading standard of RCFC 8(a)(1), it is not required. What is required under that standard is that the reader of a complaint be able reasonably to ascertain therefrom which statutes are being invoked.[3] Thus, as a well-known treatise puts it, "if the allegation of the . . . court's jurisdiction is insufficient or entirely lacking but there are facts pleaded in the complaint from which the court's jurisdiction may be inferred, then the motion to dismiss under Rule 12(b)(1) . . . must be denied." 5B Wright & Miller, *supra* at § 1350. Authorities recognizing this – both under the RCFC and the comparable Federal Rules of Civil Procedure – are legion.[4] Four such cases, in fact, are ones in which this court rejected jurisdictional challenges posed by defendant to military pay complaints.[5]

---

[3] RCFC 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* Fed. R. Civ. P. 84 (providing forms that "illustrate the simplicity and brevity that [the] rules contemplate"); 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004) (hereinafter "Wright & Miller") ("Regardless of the character of the Rule 12(b)(1) motion, it is well-settled that the complaint will be construed broadly and liberally, in conformity with the general principle set forth in Rule 8(f).").

[4] Although the Federal Circuit apparently has had no occasion to apply this rule to a case from this court, it has done so in both patent and veterans cases. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1577 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994) (patent); *Morganroth v. Quigg*, 885 F.2d 843, 846 (Fed. Cir. 1989) (patent); *Ephraim v. Brown*, 82 F.3d 399, 401 (Fed. Cir. 1996) (veterans). For a sampling of the many other cases taking this approach to complaint construction, *see Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983), *cert. denied*, 466 U.S. 950 (1984); *Tarleton v. Meharry Med. Coll.*, 717 F.2d 1523, 1529 (6th Cir. 1983); *Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552 (3d Cir. 1983) (the court has "overlooked a complaint's reliance on jurisdictional statutes which are inapposite and instead independently ascertained whether there was any basis on which subject matter jurisdiction could be asserted"); *Raus v. Bhd. Ry. Carmen of U.S. and Canada*, 663 F.2d 791, 796 (8th Cir. 1981) ("The general rule is that where a basis for federal court jurisdiction appears clearly from an examination of the face of the complaint, the court may sustain the suit even if the plaintiff has not relied upon that basis."); *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1382 (10th Cir. 1978), *cert. denied*, 441 U.S. 952 (1979) ("The general rule is that a motion to dismiss an action for lack of subject matter jurisdiction will be denied even though the allegation of jurisdiction is insufficient or entirely lacking if there are facts pleaded in the complaint from which jurisdiction may be inferred in essence and effect."); *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975) ("Although Eastland did not allege jurisdiction under 28 U.S.C. § 1332, we think that its complaints are sufficient for a court to determine that jurisdiction was conferred upon it under that section, even without further amendment.").

[5] *See Ward v. United States*, 89 Fed. Cl. 463, 474 (2009) (denying dismissal where, despite failure to cite statute, "plaintiff's factual allegations . . . implicate[d]" the Military Pay

And this case makes five. Despite defendant's efforts to turn back time to 1938, prior to the abolition of form pleadings, the court sees utterly no reason to depart from the modern, notice approach to complaint construction. Under that approach, plaintiff's complaint adequately invokes this court's jurisdiction.[6] Certainly, defendant cannot deny that it had little trouble identifying the money-mandating statutes at issue here – after all, the remainder of its briefs are dedicated to those very statutes.[7]

Defendant's primary claim in the latter regard is that plaintiff cannot bring a claim seeking to revise his discharge status because he has failed to exhaust his administrative remedies. Unlike defendant's first assertion, this argument, in fact, is well-taken.

In his complaint, plaintiff seeks a determination that he should have been medically retired at a rating that correlates with the VA's disability rating. Although less clear, he also appears to seek pay and benefits based upon that status change. As defendant points out,

---

Act, 37 U.S.C. § 204); *Wright v. United States*, 81 Fed. Cl. 369, 373 (2008) (same); *Driscoll v. United States*, 67 Fed. Cl. 22, 25 (2005) (considering applicability of Military Pay Act even though plaintiff failed to cite money mandating statute); *Reeves v. United States*, 49 Fed. Cl. 560, 565 (2001) (same); *see also Rippa v. United States*, 79 Fed. Cl. 639, 642-43 (2007).

[6] As a variation on its "well-pled" complaint theme, defendant also argues that plaintiff's complaint should be dismissed for lack of jurisdiction because its claims are not specific enough. Defendant cites *Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002) in support of this claim. That case, however, wrongly cites *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997), for the proposition that this court lacks jurisdiction over a contract claim where the complaint fails to allege the elements of a contract. *Trauma Service*, in fact, rejected that claim, holding instead that the "well-pleaded allegation" of the existence of a contract was enough to establish jurisdiction. *Id*. at 1325. The latter decision, rather, affirmed the dismissal of the complaint under RCFC 12(b)(4) (now RCFC 12(b)(6)) because, *inter alia*, no claim for the breach of the relevant contract was stated under the facts alleged. *Id*. at 1328; *see also Moore v. United States*, 48 Fed. Cl. 394, 398 (2000) (observing this); *Buesing v. United States*, 42 Fed. Cl. 679, 687 (1999) (same). Both *Lion Raisins* and *Trauma Service* are a far cry from the case *sub judice*. In the court's view, the complaint here adequately sets forth the nature of plaintiff's claims – all essentially based on the assertion that the Army failed adequately to consider his disability – so as to meet the notice pleading standard. *See Dobyns v. United States*, 91 Fed. Cl. 412, 422-30 (2010) (rejecting claims that a complaint was not specific enough).

[7] "*Exitus acta probat*," so the Roman epic poet, Publius Ovidius Naso once wrote. Ovid, Heroides ii 85 (Phyllis to Demophon). Centuries later, this admonition to the youth of Thrace reputedly inspired the Italian proverb – "the proof of the pudding is in the eating." *See* Giovanni Torriano, A Common Place of Italian Proverbs 100 (note) (1666). Defendant apparently could ingest, from a simple reading of plaintiff's complaint, the statutes at issue here. And that is proof enough that the notice requirement of RCFC 8 was satisfied.

however, a claim for disability retirement pay generally does not accrue until an appropriate military board denies the claim in a final decision or refuses to hear the claim. *See Chambers v. United States*, 417 F.3d 1218, 1224, *cert. denied*, 546 U.S. 1066 (2005) (citing *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990)). This requirement derives from the relevant money-mandating statute, 10 U.S.C. § 1201, which requires final action by a military board before jurisdiction can be invoked in this court. *See Chambers*, 417 F.3d at 1224-25 (citing *Friedman v. United States*, 310 F.2d 389 (Ct. Cl. 1962), *cert. denied*, 373 U.S. 932 (1963)). Said action is a "mandatory remedy," because, "without it, the case in this court would be dismissed as premature on the ground that the plaintiff did not seek or obtain a final decision within the administrative hierarchy." *Friedman*, 310 F.2d at 392; *see also Noguera v. Office of Personnel Mgmt.*, 878 F.2d 1422, 1425 (Fed. Cir. 1989); *Furlong v. United States*, 152 F. Supp. 238, 240-41 (Ct. Cl. 1957). It follows that this court "has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance." *Chambers*, 417 F.3d at 1225.[8]

In light of these authorities, plaintiff's disability claim is not properly before this court. After he was separated, plaintiff submitted an application to the Army Review Board Agency (ARBA), seeking to change his general discharge to an honorable one. Although he mentioned his PTSD diagnosis in that application, he did not request that his discharge be changed to a medical one or seek medical disability pay and benefits. The ARBA referred this application to the ADRB. While the ADRB may review the type of discharge given to a service member, it has no jurisdiction to review claims requesting medical disability ratings or pay. *See* 10 U.S.C. § 1553(b) (indicating that the board may "change a discharge or dismissal, or issue a new discharge, to reflect its findings"); *see also Van Bourg v. Nitze*, 388 F.2d 557, 563-64 (D.C. Cir. 1967); *Watkins v. U.S. Army*, 541 F. Supp. 249, 254 (W.D. Wash. 1982). At all events, while the ADRB rejected plaintiff's claim that his post-service diagnosis of PTSD warranted a change in his discharge status, it did not specifically consider any claim for disability. As such, because plaintiff has not requested disability retirement pay from an appropriate board, this court lacks jurisdiction over his related claim. *See Pope v. United States*, 77 Fed. Cl. 737, 742 (2007); *see also Scarseth v. United States*, 52 Fed. Cl. 458, 480 (2002).

III.

This court will not gild the lily. Based on the foregoing, it **GRANTS**, **IN PART**, and, **DENIES**, **IN PART**, defendant's motion to dismiss. The Clerk is hereby ordered to dismiss those portions of plaintiff's complaint that relate to his disability retirement status, without

---

[8] *See also Dean v. United States*, 92 Fed. Cl. 133, 146 (2010); *Sabree v. United States*, 90 Fed. Cl. 683, 694 (2009); *Lockwood v. United States*, 90 Fed. Cl. 210, 216 (2008).

prejudice. On or before August 20, 2010, the parties shall file a joint status report indicating how this case should proceed, with an appropriate schedule.[9]

      **IT IS SO ORDERED**.

s/ Francis M. Allegra<br>
Francis M. Allegra<br>
Judge

---

[9] Before preparing this report, the parties may wish to consider whether plaintiff can or should obtain a final decision on his medical disability claim so as to pave the way for that claim to be rejoined with this suit.